UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-20122-CR-UNGARO/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TION TOOMER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the defendant's Motion to Suppress Evidence (DE# 13, 4/23/07).  On April 26, 2007, this case was referred to the undersigned by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida (DE# 15).  Having held an evidentiary hearing on July 10, 2007 and having carefully considered the defendant's motion, the court file and applicable law, the undersigned respectfully recommends that the defendant's Motion to Suppress Evidence (DE# 13, 4/23/07) be **DENIED**.

## BACKGROUND

The defendant is charged with possession with intent to distribute cocaine base in violation of Title 21, United States Code, Section 841(a)(1); possession with intent to distribute cocaine in violation of Title 21, United States Code, Section 841(a)(1); possession with intent to distribute ecstacy in violation of Title 21, United States Code, Section 841(a)(1); possession with intent to distribute marijuana in violation of Title 21,

United States Code, Section 841(a)(1); possession of a firearm in furtherance of possession with intent to distribute a controlled substance in violation of Title 18, United States Code, Section 924(c) and possession of a firearm and ammunition by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1) and 924(e).

On April 23, 2007, the defendant filed his Motion to Suppress Evidence (DE# 13). The government filed Government's Response to Defendant's Motion to Suppress Evidence (DE# 18, 5/9/07). No reply memorandum was filed. An evidentiary hearing was held on July 10, 2007 before the undersigned. Detective Terrance White, Detective Bartelt and Task Force Officer Errol Gardner testified on behalf of the government. The defendant did not call any witnesses. Two exhibits were admitted into evidence: Waiver of Constitutional Rights: Consent to Search (Government's Exhibit 1) and Advice of Rights and Waiver (Government's Exhibit 2).

## **FINDINGS OF FACT**

While conducting surveillance of the defendant's residence, law enforcement officers observed approximately 10 to 15 hand-to-hand drug transactions involving the defendant and another individual, Christopher Smith.[1] These transactions took place in front of the defendant's residence.

A third individual, Omar Rolle, was observed by law enforcement doing a hand-to-hand drug transaction. Law enforcement followed Mr. Rolle as he was leaving the defendant's residence. Law enforcement stopped Mr. Rolle's vehicle and discovered

---

[1] Mr. Smith is not charged in the instant action.

drugs. Mr. Rolle was arrested.

After Mr. Rolle was arrested, law enforcement approached the defendant's residence. Upon seeing the officers approaching, Mr. Smith ran into the defendant's residence. The officers pursued Mr. Smith into the defendant's residence. The officers conducted a protective sweep of the defendant's residence. The protective sweep did not reveal any contraband.

In a room[2] inside the defendant's residence, the officers discovered three individuals: the defendant, Mr. Smith and a third person named James Brig. The three individuals were taken outside of the house and placed on the ground in front of the front door. The defendant was not handcuffed.

Detective White, who knew the defendant, took the defendant to the side of the house, approximately 10 feet from the front door. Detective White advised the defendant that he needed the defendant to consent to a search of the residence and that law enforcement knew that drugs were inside the house. The defendant was concerned about going to jail. Detective White did not tell the defendant that he would not be arrested or promise the defendant that he would not go to jail. The defendant agreed to sign a consent form.[3]

---

[2] The room was used as a living room. It contained a couch, a television, some chairs and a motor scooter.

[3] Initially, Detective White was the only police officer with the defendant. When the defendant agreed to sign the consent to search form, Detective White called Detective Giordano to witness the defendant's signature on the consent form.

3

The consent form was filled out, read and signed by the defendant. It stated in part: "You may refuse to consent to a search and may demand that a search warrant be obtained prior to any search of the premises or vehicle described below." See Waiver of Constitutional Rights: Consent to Search, Government's Exhibit 1. The form further stated: "THIS STATEMENT IS SIGNED OF MY OWN FREE WILL WITHOUT ANY THREATS OR PROMISES HAVING BEEN MADE TO ME." Id. (Capitalization in original).

After obtaining the defendant's consent, law enforcement brought Detective Bartelt and a K-9 named "Franky" to conduct a search of the residence. Franky led the officers to a motor scooter inside the room where the defendant, Mr. Smith and Mr. Brigs had been discovered. Franky alerted officers to the seat of the scooter. Detective White lifted the seat and discovered a black bag containing drugs. The compartment also contained a gun.

## **LEGAL ANALYSIS**

The defendant maintains that his constitutional rights were violated when law enforcement officers entered his residence and searched it. See Motion to Suppress Evidence (DE# 13, 4/23/07). According to the defendant, his consent was not voluntary and was coerced by the officers' conduct. Id. The government argues that the defendant's consent was voluntary.

The undersigned finds that the defendant voluntarily consented to the search of his residence. The question of whether a consent was in fact voluntary or a product of duress

or coercion, express or implied, is to be determined by the totality of the circumstances and is a matter for which the government has the burden of proof. United States v. Mendenhall, 446 U.S. 544 (1980). While a warrantless search is generally lawful when conducted pursuant to a subject's voluntary consent, the government must prove that consent was given voluntarily, as an independent act of free will and not mere acquiescence to police authority. Florida v. Royer, 460 U.S. 491 (1983). See also Florida v. Bostick, 501 U.S. 429 (1991). To be considered voluntary, a consent to search must be the product of an essentially free and unconstrained choice. United States v. Garcia, 890 F.2d 355, 360 (11th Cir. 1989).

In the instant case, the totality of the circumstances demonstrate that the defendant's consent was voluntary and not mere acquiescence to police authority. The defendant read, filled out and then signed a consent form that acknowledged his right to not consent to a search. There were no threats by the police, the defendant understood the form and voluntarily permitted law enforcement to search his residence. The instant facts are less coercive that those in Garcia, 890 F.2d at 360 (11th Cir. 1989), where the Eleventh Circuit, found a defendant's consent to be voluntary when the defendant was arrested in the front yard of his house by fourteen law enforcement agents, and then taken inside after the agents conducted a "protective sweep" of the house. Garcia was handcuffed when he gave the agents consent to search the house. The Eleventh Circuit noted that it had approved consent given under "far more coercive conditions" and stated, "we cannot conclude that these factors caused Garcia's consent to become involuntary." Id. at 362. In this case, the

5

defendant voluntarily permitted the agents to search his residence.[4]

Alternatively, the government argues that even if the officers did not obtain voluntary consent from the defendant, the officers had exigent circumstances that would enable them to conduct a warrantless search of the defendant's residence. See Government's Response to Defendant's Motion to Suppress Evidence (DE# 18 at 3, 5/9/07). The undersigned finds that there were exigent circumstances permitting law enforcement's initial entry into the defendant's residence and protective sweep. However, law enforcement's subsequent search of the defendant's residence was not justified without the defendant's valid consent.

The government has the burden of proof of showing exigent circumstances. U.S. v. Holloway, 290 F.3d 1331, 1337 (11th Cir. 2002)."In validating a warrantless search . . . the Government must demonstrate both exigency and probable cause." Id. Here, the officers observed Mr. Smith conduct 10 to 15 hand-to-hand drug transactions outside of the defendant's residence. Thus, the officers had probable cause to arrest Mr. Smith. There were exigent circumstances because Mr. Smith fled when he saw law enforcement approaching. The fact that Mr. Smith decided to flee from law enforcement after having conducted 10 to 15 hand-to-hand drug transactions made it likely that Mr. Smith would attempt to remove or destroy the drugs. The government has shown that there were exigent

---

[4] The undersigned finds that the instant case is distinguishable from Tovar-Rico v. United States, 61 F.3d 1529 (11th Cir. 1995). In Tovar-Rico, the magistrate found that the defendant "had already observed officers explore every room in the apartment and could not reasonably have known that she could still refuse a search." Id. at 1536. Here, Detective White told the defendant that law enforcement needed the defendant's consent to search the residence. Moreover, the written consent form filled out and executed by the defendant specifically advised him that he could refuse the search.

circumstances supporting law enforcement's initial warrantless entry into the defendant's residence and protective sweep. See United States v. Young, 909 F.2d 442, 446 (11th Cir.1990) (noting that "the exigent circumstance doctrine is particularly compelling in narcotics cases, because contraband ... can be easily and quickly destroyed while a search is progressing"); see also United States v. Santana, 427 U.S. 38, 42 (1976) (holding that a defendant's retreat into her house could not thwart an otherwise proper arrest which had been set in motion in a public place). However, law enforcement's subsequent search of the defendant's residence required the defendant's consent. Because the undersigned finds that the defendant's consent was valid, the undersigned respectfully recommends that the defendant's motion to suppress be denied.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the defendant's Motion to Suppress Evidence (DE# 13, 4/23/07) be **DENIED.** Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the parties may serve and file written objections to this Report and Recommendation with the Honorable Ursula Ungaro, United States District Judge, within ten (10) days of receipt of this Report and Recommendation. See Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).

RESPECTFULLY SUBMITTED at Miami, Florida, this **11th** day of July, 2007.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Ungaro
All counsel of record